IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Edgar Fox,<br><br>        Plaintiff,<br><br>vs.<br><br>James H. May; Overture Walker; S.C. Municipality of Cola: Bailiff (Issued Arrest Warrant); Constable/Law Enf.: ANG (As on A.W..); Issuing Judge: Tamk Collee" Judge Broogram,<br><br>        Defendants. | C/A: 3:10-2470-CMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Kenneth Edgar Fox ("Plaintiff"), proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915, brings this case pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff complains of false arrest and an unfair trial that led to his conviction for disorderly conduct. However, Plaintiff does not name the arresting officers as defendants, and he does not allege that he has successfully challenged his conviction. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed pursuant to the rule articulated in Heck v. Humphrey, 512 U.S. 477 (1994).

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S. 97 (1976); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.;Gordon, 574 F.2d at 1151, and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND AND DISCUSSION

Plaintiff claims false arrest for disorderly conduct stemming from an incident that occurred outside a Food Lion August 31, 2007. However, because he does not name the arresting officers as defendants in the instant case, and does not allege that any of the named defendants were in any way involved in the arrest, he fails to state a claim for false arrest.[1] In addition to the false arrest claim, Plaintiff complains he pled "no contest" and was convicted as a result of unfair judicial proceedings and poor advice from his lawyer. Plaintiff requests monetary damages.

Plaintiff does not allege that he has successfully challenged his conviction. The Supreme Court has held that in order to recover damages for a conviction in violation of the constitution, the conviction must first be successfully challenged. See Heck v. Humphrey, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[1] It is not clear that Plaintiff is attempting to recover for false arrest in the instant case; he may have simply included that information as background to the current case. In fact, Plaintiff is litigating the false arrest cause of action against the arresting officers in another pending case. See C/A No.: 3:10-2199-CMC-PJG.

a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87; see also Edwards v. Balisock, 520 U.S. 641 (1997) (the preclusive rule of Heck extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement). The United States Supreme Court states that the pertinent question is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. This is known as the "favorable termination" requirement. See Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008).

Because the plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his conviction, this Complaint should be dismissed for failure to state a claim on which relief may be granted.

## RECOMMENDATION

The court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process for failure to state a claim on which relief may be granted. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 8, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).